## Dando-Schaff Printing & Publishing Company v. Edwin J. Schoettle Company

*Yale L. Schekter*, for plaintiff.

*Blanc & Steinberg*, for defendant.

MacNeille, J., December 4, 1936.—We are considering defendant's motion to strike off the statement of claim. Defendant contends: (1) That the statement of claim sets forth an action based on a book account; (2) that the statement of claim contains no averment that the exhibit annexed to it is a true and correct copy of the book account; (3) that the statement of claim sets forth several lump credits; (4) that if the action is not based on a book account it must of necessity be based on a series of oral contracts, and therefore it should be specific, and that it is not so because this statement does not set forth the dates on which the contracts were entered into.

We have examined the statement carefully and the claim is not based on a book account and does not aver that

the exhibit annexed to the statement is a copy of the book account. In this regard the statement avers, in paragraph 1:

"At the special oral instance and request of defendant, acting by its duly authorized agent and president, Edwin J. Schoettle, plaintiff sold and delivered to defendant the merchandise described in the statements attached herewith and made a part hereof, marked Exhibit 'A', on the dates therein mentioned."

Thereafter the statement avers that defendant received the merchandise on the dates set forth and verbally agreed to pay for it at the prices set forth; that the prices set forth were fair and reasonable and market prices thereof on the said dates.

It is clear to us that plaintiff will not be able to use the exhibit attached to his statement as a verified copy of the book account. He is in no position to have any of the advantages attached to a correct copy of a book account. Instead of his exhibit, or schedule, being treated as a book account, he has incorporated it as a part of his statement of claim, and it merely gives notice to defendant of those facts which plaintiff intends to prove at trial, and plaintiff will be obliged to meet the burden which he has thus assumed of proving the facts therein by a preponderance of evidence. Thus we are of the opinion that the statement of claim makes out a good cause of action.

However, an inspection of the exhibit attached to the statement of claim shows that it contains many items that postdate the initiation of the suit herein brought. It is not required that defendant should make answer to these particular items, and an objection to any proof in relation to these particular items may be properly sustained by the trial court and such proof rejected. To clear this situation, plaintiff offered at the argument to amend his statement of claim, eliminating all those articles which bear date after the beginning of this suit. Therefore, defendant's motion is made absolute, with leave to plaintiff to amend his statement of claim within 15 days.